IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Edward W. Anderson, | ) | C.A. No. 0:04-22892-CMC-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| The City of Rock Hill; | ) | |
| Sheakley Uni Service, Inc.; Lyn Koven; | ) | |
| Linda Workman; Larry Bigam; Jesse | ) | |
| Funderburk; Dawn Beyers; David Young; | ) | |
| and Wanda Morris, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This action was filed by a *pro se* Plaintiff, seeking relief pursuant to, *inter alia*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e). Plaintiff paid the filing fee and summonses were issued by the Clerk of Court on November 17, 2004 and returned to Plaintiff for service on Defendants pursuant to Fed. R. Civ. P. 4.

Because Plaintiff is proceeding *pro se*, in accordance with the court's order of reference, 28 U.S.C. § 636(b), and Local Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation. On March 15, 2005, the Magistrate Judge issued a Report recommending this action be dismissed for Plaintiff's failure to serve Defendants within the 120-day time limit of Fed. R. Civ. P. 4(m). The Magistrate Judge directed Plaintiff to provide the court with evidence of proof of service or present good cause for the failure to serve Defendants. The Magistrate Judge also advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. On March 29, 2005, Plaintiff filed his Response and Written Objections to the Report. Additionally, Defendants, who were served after entry of the Report and

Recommendation, have moved to dismiss Plaintiff's action due to his failure to effect service within the 120 days provided for in Rule 4(m).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

Plaintiff's Response and Objections offers several reasons for the failure to serve Defendants within the time period provided for in Rule 4(m). Plaintiff attempts to meet the necessary showing of good cause by stating that he was busy pursuing an action in the state court; that he was busy seeking employment; that service through the local sheriff's department was too costly and he therefore endeavored to find addresses for service himself; and that his failure to serve within the 120 days provided for in Rule 4(m) should be excused because he is proceeding *pro se* in this action.

After reviewing the Report and Recommendation of the Magistrate Judge and Plaintiff's Response, the court agrees with the recommendation of the Magistrate Judge that Plaintiff's complaint should be dismissed. Rule 4(m) of the Federal Rules of Civil Procedure provides plaintiffs 120 days "after the filing of the complaint" to serve defendants with the summons and complaint. Fed. R. Civ. P. 4(m). When the 120 days expires, and no service has been made,

> the court, upon motion or on its own initiative . . . shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall

extend the time for service for an appropriate period.

*Id*. The district court has authority to extend the time for service of defendants beyond the 120-day period; however, this discretionary authority is based upon Plaintiff establishing good cause for his failure to serve Defendants. *See Mendez v. Elliot*, 45 F.3d 75, 79 (4th Cir. 1995).

Plaintiff's stated reasons for his failure to serve Defendants within the 120-day time period do not meet the standard of good cause. Assuming, without deciding, Plaintiff could rely on the date of issuance of the summonses as the date from which the time period for service ran, Plaintiff did not pursue service until after the Magistrate Judge's Report and Recommendation had alerted him that the time period for service had expired. Plaintiff also blames his failure to serve Defendants on the fact that he was pursuing an action in state court and was looking for employment. These reasons are insufficient to establish good cause. Plaintiff declares that it was difficult to locate addresses for some of the Defendants, and that he delayed serving Defendants because the cost of service by the local sheriff's department was prohibitive. These proffered reasons are also without merit. Plaintiff, on one day's notice, was able to secure the services of someone to serve the individual Defendants, who were all served at work. Unfortunately, this service was deficient; at least one Defendant, Wanda Hoffman, was not served personally as required by the Rules. *See* Fed. R. Civ. P. 4(e).

The court recognizes that if Plaintiff's complaint is dismissed without prejudice, Plaintiff would normally be able to refile his case and thereafter properly effect service within the 120-day period. However, if this case is dismissed now, Plaintiff's statute of limitations period for filing a suit under Title VII will have expired. "'Without prejudice' does not mean 'without consequence.'" *Powell v. Starwalt*, 866 F.2d 964, 966 (7th Cir. 1989). Unfortunately for Plaintiff, his failure to accomplish in four months that which he was able to do in one day will end this case.

Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference. Therefore, it is hereby

**ORDERED** that this case is dismissed without prejudice.[1]

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 15, 2005

C:\temp\notesFFF692\04-22892 Anderson v Rock Hill eh rr m dism granted.wpd

---

[1] Defendants' motions to dismiss are, accordingly, moot.